IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KIRK D. ROBINSON, <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF NEBRASKA, et al.; <br><br> Defendants. | 8:22CV276 <br><br> **MEMORANDUM AND ORDER** |

Plaintiff Kirk D. Robinson, a state prisoner, filed his pro se Complaint on July 29, 2022.[1] Filing No. 1-1. Plaintiff paid the full filing fee of $402.00 on August 8, 2022. The Court will now conduct an initial review of the Complaint pursuant to 28 U.S.C. § 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff's Complaint asserts claims under 42 U.S.C. § 1983 against several individuals and entities, including the State of Nebraska, the Governor, and multiple judges, attorneys, and corrections officers. Plaintiff summarizes his claims as asking "for relief due to an egregious error committed by the judicial system against him." Filing No. 1-1 at CM/ECF p. 3. Plaintiff generally alleges that he has been wrongfully imprisoned, subjected to mental and physical abuse, embarrassment, and financial loss.

Plaintiff alleges that he was arrested in November 2018 in Buffalo County, Nebraska on charges of stalking, tampering with physical evidence, possession of a defaced firearm, possession of a short shotgun, being a felon in possession of a firearm (first offense), and possessing a deadly weapon during commission of a felony. Filing No. 1-1 at CM/ECF p. 3. The Court's independent review of Plaintiff's state court records

---

[1] Plaintiff's original Complaint was unsigned. Plaintiff filed a corrected a signed copy on August 10, 2022. Filing No. 1-1.

reveals that Plaintiff was not charged with being a felon in possession of a firearm but was charged with possession of a firearm by a prohibited person.[2]

To support his claims, Plaintiff provided a timeline of his arrest and detention. On October 3, 2018, Plaintiff's now ex-wife requested a harassment protection order against Plaintiff. In her request, she stated that Plaintiff had several firearms and firearm accessories. On October 6, 2018, a deputy sheriff served Plaintiff paperwork regarding the harassment protection order but did not tell Plaintiff that he could not possess firearms. Filing No. 1-1 at CM/ECF p. 4.

On November 20, 2018, Plaintiff was arrested on the charges listed above. The judge originally set bail at $250,000 because of Plaintiff's "enormous financial resources." Filing No. 1-1 at CM/ECF p. 4. The state court records reveal Plaintiff moved for a reduction in bail multiple times. In opposing bail at a hearing, the prosecution introduced photos with no date or time stamp. Plaintiff claims his retained counsel, Stephen Potter, did not object to the photos' authenticity. Filing No. 1-1 at CM/ECF p. 4.

On January 30, 2019, Plaintiff's case was bound over to the District Court of Buffalo County.[3] In June 2019, Plaintiff asked that his counsel be given leave to withdraw because Plaintiff asserted Mr. Potter had failed to provide adequate assistance of counsel. Filing No. 1-1 at CM/ECF p. 5. The district court eventually granted the request and, although Plaintiff initially sought to represent himself, the court eventually appointed

---

[2] *State v. Kirk D. Robinson*, No. CR18-2228, County Court of Buffalo County, Nebraska. The court takes judicial notice of the state court records. See *Stutzka v. McCarville*, 420 F.3d 757, 761 n. 2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.
[3] See *State v. Kirk D. Robinson*, No. CR19-15, District Court of Buffalo County, Nebraska.

2

the public defender to represent Plaintiff.[4] In the order appointing the public defender, the district court specifically noted that no continuances would be granted based on the appearance of new counsel.[5]

Plaintiff alleges his appointed public defender did not consult with Plaintiff about an effective defense and only discussed plea offers. On September 17, 2019, the district court accepted Plaintiff's plea of no-contest to stalking, tampering with physical evidence, and possession of a firearm by a prohibited person. The remaining charges were dismissed.[6] Plaintiff asserts he accepted the plea deal on the advice of counsel and answered questions at a plea hearing in the manner instructed by counsel. Filing No. 1-1 at CM/ECF p. 6. The district court ordered a psychological evaluation of Plaintiff to be included with the pre-sentence report.[7]

Plaintiff alleges that while he was at the Diagnostic and Evaluation Center in Lincoln, Nebraska, he learned for the first time from his counsel that he had "waived any error by the Court up to sentencing." Filing No. 1-1 at CM/ECF p. 6. The public defender also told Plaintiff that he only had representation through sentencing and one direct appeal.

Plaintiff alleges that he has requested his full discovery file several times, but he was never given the file and neither of his attorneys met with him to review evidence or prepare an effective defense. Filing No. 1-1 at CM/ECF p. 6. In July 2022, Plaintiff requested his case file from the Buffalo County Public Defender's office, noting that the

---

[4] *See State v. Kirk D. Robinson*, No. CR19-15, Order Appointing Counsel (Aug. 16, 2019), District Court of Buffalo County, Nebraska.
[5] *Id.*
[6] *See State v. Kirk D. Robinson*, No. CR19-15, Journal Entry and Order (Sept. 18, 2019), District Court of Buffalo County, Nebraska.
[7] *See State v. Kirk D. Robinson*, No. CR19-15, Order (Oct. 4, 2019), District Court of Buffalo County, Nebraska.

3

file be sent immediately or a "court order would be obtained." Filing No. 1-1 at CM/ECF p. 6. The Buffalo County Public Defender's office responded that it would wait for the court order.

Also in July 2022, Plaintiff sent a request to the Keith County Nebraska Clerk of Court, requesting records in a case similar to Plaintiff's case in Buffalo County. Plaintiff asserts that he requested these records because in agreeing to take a plea, Keith County agreed to drop "this case and any charges related to it." Filing No. 1-1 at CM/ECF p. 7. Plaintiff does not clarify whether he was the defendant in the Keith County case or if it was a similar case that Plaintiff intended to use to support his defense. The Keith County Clerk of Court informed Plaintiff that there were no records for a case with the case number Plaintiff requested. Filing No. 1-1 at CM/ECF p. 7.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).

According to the Complaint, Plaintiff's claims arise under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

Even construed liberally, each of Plaintiff's claims challenge the validity of his underlying conviction and sentence and are therefore barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. Heck, 512 U.S. at 486–87; see also Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995). Absent

such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. See Heck, 512 U.S. at 486–87.

Plaintiff has not alleged that his conviction or sentence has been reversed, expunged, or called into question by a writ of habeas corpus. Instead, he seeks money damages in the amount of $12 billion for various misdeeds by court officials, attorneys, judges, and government entities due to "egregious errors" in his criminal proceedings in Buffalo County. Filing No. 1-1 at CM/ECF p. 3. However, to determine whether Plaintiff's claims are barred under Heck, the Court disregards the form of relief sought and instead looks to the essence of Plaintiff's claims. See Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996); see also Lawson v. Engleman, 67 Fed. Appx. 524, 526 n.2 (10th Cir. 2003) (Heck applied to plaintiff's claims for monetary, declaratory, and injunctive relief; Heck should apply when the concerns underlying Heck exist); Longs v. McManaman, No. 4:18CV3161, 2019 WL 2717714, at *5 (D. Neb. June 28, 2019) ("Plaintiff's claims that he was deprived of his constitutional rights in the course of state criminal proceedings . . . necessarily implicate the validity of his conviction and sentence" and are therefore barred by Heck v. Humphrey).

Each of Plaintiff's claims—even construed liberally—are aimed at casting doubt on the legality of Plaintiff's underlying conviction. As best the Court can discern, Plaintiff's first claim is that he was improperly charged because he was never a felon in possession of a firearm or a prohibited person. Filing No. 1-1 at CM/ECF p. 7. Plaintiff's second claim alleges malicious prosecution by way of entrapment because law enforcement allowed Plaintiff to remain free for several weeks after he was served with a protection

order even though law enforcement knew Plaintiff possessed weapons when they pulled him over in November 2018. Filing No. 1-1 at CM/ECF p. 7. Without addressing the merits of either claim, both claims challenge the validity of Plaintiff's prosecution and thus challenge his underlying conviction and incarceration.

Plaintiff's third claim quotes the Second and Fifth Amendments of the United States Constitution and asserts that Plaintiff's rights were violated because he was arrested before the protection order was considered final. The Court can only speculate as to Plaintiff's meaning, but presumably he argues that his arrest for violating the protection order was premature. Thus, Plaintiff's third claim challenges the validity of his detention and prosecution.

Plaintiff's fourth claim asserts that his plea was invalid because "there was a case in Keith County" and in exchange "for agreeing to take the plea that led to his eventual conviction and subsequent incarceration, this case in Keith County was to be dropped." Filing No. 1-1 at CM/ECF p. 8. Plaintiff alleges that the Clerk of Court for Keith County told Plaintiff that no "records exist pertaining to a case with that number." Id. Construed liberally and without considering the merits, Plaintiff's fourth claim challenges the validity of his conviction under his plea agreement and therefore also challenges his subsequent incarceration.

Finally, Plaintiff's fifth claim asserts claims for ineffective assistance of counsel against Plaintiff's retained counsel and his assigned public defender. To the extent Plaintiff challenges his conviction and sentence in his fifth claim, it is also barred by *Heck*. Further, to the extent his claim is based on ineffective assistance of counsel, such a claim "is improper outside of the habeas context under *Rooker-Feldman*." See *Prince v. Ark.*

7

*Bd. of Examiners of Psychology*, 380 F.3d 337, 340 (8th Cir. 2004) (noting that under *Rooker-Feldman* federal district courts cannot review state court judgments except for in the context of habeas corpus petitions); *see also Liedtke v. Runningen*, No. CV 15-3361, 2016 WL 5660455, at *8 n.6 (D. Minn. Sept. 29, 2016), *aff'd,* 697 F. App'x 468 (8th Cir. 2017); *see also Loding v. Schaefer*, No. 8:21CV153, 2021 WL 4078284, at *2 (D. Neb. Sept. 8, 2021); *Sherman v. Hot Spring Cty.*, No. 13-6049, 2015 WL 1208618, at *9 (W.D. Ark. Mar. 17, 2015) ("A claim of ineffective assistance of counsel is one that should be brought in a habeas case. Plaintiff may not use the civil rights statutes as a substitute for *habeas corpus* relief."); *Morris-Bey v. 5 Semi-Unknown St. Louis Metro. City Police Officers*, No. 4:07-CV-1814, 2009 WL 724010, at *3 (E.D. Mo. Mar. 13, 2009) ("to the extent plaintiff challenges the validity of his criminal sentence, whether it be by prosecutorial misconduct, . . . ineffective assistance of counsel, or other grounds, his federal-court recourse is to file a habeas corpus action").

Additionally, Plaintiff's criminal defense counsel cannot be characterized as "state actors" for purposes of 42 U.S.C. § 1983 when they were performing the traditional role of defense counsel. *Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992) ("The attorneys who represented Myers, whether appointed or retained, did not act under color of state law and, thus, are not subject to suit under section 1983."); *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990) ("The conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of a section 1983 violation."); *see also Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as

8

counsel to a defendant in a criminal proceeding"). Therefore, Plaintiff's fifth claim fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

In sum, the Complaint's allegations and Plaintiff's state court records demonstrate that each claim is barred by *Heck*. If successful, Plaintiff's claims that he was improperly prosecuted, convicted, and received an illegal sentence necessarily implicate the validity of his conviction and sentence. Plaintiff has not alleged, nor do his state court records indicate, that his conviction or sentence has been overturned or called into question. Therefore, Plaintiff's claims for relief are barred by *Heck v. Humphrey*. Moreover, Plaintiff's claims for ineffective assistance of counsel are improper under § 1983.

IT IS THEREFORE ORDERED:

1. This matter is dismissed without prejudice; and

2. A separate judgment will be entered.

Dated this 20th day of September, 2022.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge