IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KIRK D. ROBINSON,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA, et al;<br><br>    Defendants. | **8:22CV276**<br><br>**MEMORANDUM AND ORDER** |

    This matter is before the Court on Plaintiff Kirk D. Robinson's Motion for Copies, Filing No. 8. Plaintiff's claims under 42 U.S.C. § 1983 were dismissed on initial review on September 20, 2022. Filing No. 6. Relevant to this case,[1] Plaintiff seeks a complete copy of all filings to "save time" and because Plaintiff "wants to make sure he has a full and true record of these cases on hand so as to be fully prepared." Filing No. 8 at CM/ECF p. 1.

    A plaintiff proceeding in forma pauperis does not have a right under 28 U.S.C. § 1915(a) to receive free copies from the Court. *Goodwin v. Hughes*, No. 4:19CV3114, 2022 WL 344271, at *2 (D. Neb. Feb. 4, 2022); *see also Duwenhoegger v. Miles*, No. 17-CV-1432, 2017 WL 2799155, at *1 (D. Minn. June 28, 2017) ("An IFP litigant is not entitled to free copies of documents that he submitted to the Court."); *Guinn v. Hoecker*, 43 F.3d 1483 (10th Cir. 1994) (unpublished table decision) ("Plaintiff's principal error, however, is his apparent belief that an order granting leave to proceed in forma pauperis, without the payment of the 'fees and costs' referenced in 28 U.S.C. § 1915(a), includes the right to

---

[1] Plaintiff seeks free copies of all filings in this case and in *Robinson v. State of Nebraska, et al.*, Case No. 8:22CV151. The undersigned cannot rule on Plaintiff's Motion for Copies in Case No. 8:22CV151 because it is assigned to another judge.

have free copies of any documents in the record the indigent party desires. It does not...."); *In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990) ("28 U.S.C. § 1915(a) ... does not give the litigant a right to have documents copied and returned to him at government expense."); *Haymes v. Smith,* 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077, 1078 (8th Cir. 1973)).

"Paper and certified copies of electronically filed documents may be purchased from the clerk for a fee collected under 28 U.S.C. § 1914." NEGenR 1.3(a)(1)(A)(iii). Neither Plaintiff's generalized concern for having a complete record nor his lack of funds are sufficient reasons to create an exception to this payment requirement. If Plaintiff requires copies of Court documents, he should contact the Clerk of the Court to determine the proper method of requesting and paying for copies.

IT IS THEREFORE ORDERED: Plaintiff's Motion for Copies, Filing No. 8, is denied.

Dated this 27th day of October, 2022.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge